IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 23, 2003 Session

## EDWIN BOOTHE v. FRED'S, INC.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT 000227-01    The Honorable D'Army Bailey, Judge**

--------

**No. W2002-01414-COA-R3-CV - Filed August 19, 2003**

--------

Holly M. Kirby, J., dissenting in part.

        The majority Opinion in this case is well-reasoned and carefully analyzed, and I agree with the majority in most respects.  I dissent, however, on the issue of the date of Boothe's termination.

        The majority is correct in its conclusion that Boothe's conduct did not amount to a breach of loyalty.  Under the employment agreement, then, Boothe was entitled to 90 days' notice of the termination of his employment.  Fred's did not give Boothe the required 90-day notice, but instead terminated him immediately.  This was a breach of the employment agreement.

        The majority, however, goes beyond saying that this breach entitled Boothe to pay and benefits for the 90-day notice period.  The majority finds that Boothe was *in fact employed* for ninety days beyond the date on which he received written confirmation of his earlier oral termination. To support this fiction, the majority creates a new employment status - "active" employment versus "inactive" employment.

        Clearly Boothe was *in fact* terminated on the date that he was told to gather his personal belongings and leave the building.  If this termination violated the employment agreement requiring notice, then he is entitled to pay and benefits for the period in which he would have been employed had the agreement not been breached.  But to go further and create the legal fiction that Boothe was *in fact employed* during the ninety-day notice period risks spillover into areas unrelated to Boothe's rights under his employment contract, such as worker's compensation or ERISA or taxation.  Boothe was fired on November 20, 2000, and this reality should be recognized.

        For this reason, I dissent in part.  I concur in the remainder of the majority Opinion.

--------

HOLLY M. KIRBY